```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION
```

ALEX A. MASON,                          )
                                        )
            Plaintiff,                  )
                                        )
      vs.                               )    No. 2:04CV32-DJS
                                        )
CORRECTIONAL MEDICAL SERVICES,          )
MISSOURI DEPARTMENT OF CORRECTIONS,     )
JIM MOORE, JAMES CARTER,                )
GARY KEMPKER, DR. GARY CAMPBELL,        )
DR. GAVETT, MASON EYE CLINIC,           )
DR. DEAN P. HAINSWORTH,                 )
DR. LENWORTH N. JOHNSON, and            )
DR. HENDRIX,                            )
                                        )
            Defendants.                 )

## ORDER

Plaintiff Alex Mason, an inmate at Northeast Correctional Center ("NECC"), has brought suit against defendants alleging that he has lost his vision as a result of inadequate medical treatment. On January 24, 2005, plaintiff filed his first amended complaint alleging that defendants violated his Eighth Amendment rights under 42 U.S.C. §1983, violated his rights under the Americans with Disabilities Act, and committed medical malpractice. Count II of plaintiff's first amended complaint alleges that defendants Mason Eye Clinic, Dr. Hainsworth, Dr. Johnson, and Dr. Hendrix (hereinafter "Mason Eye Clinic defendants") were negligent in the care the provided to plaintiff. Count II is the only claim asserted against the Mason Eye Clinic defendants.

Now before the Court is the Mason Eye Clinic defendants' motion to dismiss for plaintiff's failure to file an affidavit as required by §538.225 R.S. Mo. Plaintiff has not filed any response in opposition. Section 538.225 provides:

> [i]n any action against a health care provider for damages for personal injury or death on account of rendering or failure to render health care services, the plaintiff or his attorney shall file an affidavit with the court stating that he has obtained the written opinion of a legally qualified health care provides which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

The statute also provides that failure to provide an affidavit of merit is grounds for dismissal without prejudice. <u>Id.</u> In the case at bar, neither plaintiff nor his counsel has filed an affidavit in compliance with §538.220. It is clear from plaintiff's complaint that the Mason Eye Clinic defendants are being sued for damages relating to their rendering or failing to render health care services. The Eighth Circuit has previously affirmed the dismissal of such claims when the plaintiff fails to file an affidavit of merit. <u>See</u> <u>Moore v. Ernest-Jackson, D.D.S.</u>, 16 Fed. Appx. 517, 518 (8th Cir. 2001). Therefore, the motion to dismiss will be granted and Count II of plaintiff's first amended complaint will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss brought by defendants Mason Eye Clinic, Dr. Dean P. Hainsworth, Dr. Lenworth Johnson, and Dr. Jason Hendrix [Doc. #61] is granted.

Dated this ___11th___ day of July, 2005.

                                          /s/Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE